United States District Court
Southern District of Texas
**ENTERED**
March 23, 2026
Nathan Ochsner, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| JILL SCHROEDER and TEXAS PERMIT CONSULTANTS, LLC, | § § § | |
| *Plaintiffs,* | § § | |
| VS. | § § | CIVIL ACTION NO. 4:24-cv-4566 |
| AMERICAN MODERN PROPERTY AND CASUALTY INSURANCE COMPANY, | § § § § | |
| *Defendant.* | § § | |

## ORDER

Pending before the Court is Plaintiffs Jill Schroeder and Texas Permit Consultants, LLC's Partial Motion for Summary Judgment for Declaratory Judgment. (Doc. No. 16). Defendant American Modern Property and Casualty Insurance Company responded in opposition, (Doc. No. 19), and no reply was filed. For the following reasons, the Court **DENIES** the Motion.

This insurance dispute arises from a boat-on-boat collision on Lake Conroe in Montgomery County, Texas. (Doc. No. 1-3 at 3). Plaintiffs allege that Defendant unlawfully denied them insurance coverage for their boat and any bodily and property damage to the other boat and passengers. (*Id.* at 3–4). As such, they filed their Original Petition in the 269th District Court of Harris County, Texas. (*Id.*). Defendant timely removed the case to this Court. (Doc. No. 1).

Plaintiffs' Original Petition brought the following causes of action against Defendant: (1) breach of contract, (2) violation of the Texas Insurance Code Chapters 541 and 542, (3) bad faith denial of coverage, and (3) Texas Deceptive Trade Practices Act violations. (Doc. No. 1-3 at 5–9). Plaintiffs seek "actual damages, consequential damages, exemplary damages, mental anguish, attorney's fees, and any other relief deemed appropriate by this Court." (*Id.* at 9). Notably absent from Plaintiffs' Original Petition is any mention of or claims for declaratory relief. *See* (*id.*).

Now, Plaintiffs' move this Court to enter declaratory judgment in their favor. Specifically, Plaintiff requests this Court issue "a declaratory judgment finding that the exclusion for 'dishonest or illegal acts' under Policy No. 103-655-426 does not apply to the claims arising from the October 14, 2023 incident." (Doc. No. 16 at 10).

After they filed their Motion for Summary Judgment, (perhaps recognizing the present issue), Plaintiffs moved the Court for leave to file an Amended Petition. (Doc. No. 20). The Amended Petition contained claims for declaratory relief, including that relief sought in Plaintiffs' Motion for Summary Judgment. (Doc. No. 20-2 at 8–11) (adding Count V asking for "a declaratory judgment declaring the rights of the parties under the contract"). Subsequently, the Court denied Plaintiffs' Motion for Leave to Amend. (Doc. No. 29). Accordingly, the live pleading in this case is Plaintiffs' Original Petition, which contains no claims or mention of the requested declaratory relief.

As a result, this Court cannot grant summary judgment to Plaintiffs. "Summary judgment cannot be entered on a claim not pleaded in the complaint, as that claim is not fairly before the Court." *La Union del Pueblo Entero v. Fed. Emergency Mgmt. Agency*, 141 F. Supp. 3d 681, 697 (S.D. Tex. 2015) (citing *Quintanilla v. Tex. Television, Inc.*, 139 F.3d 494, 498–99 (5th Cir. 1998)); *Solferini as Tr. of Corradi S.p.A. v. Corradi USA, Inc.*, No. 4:18-CV-00293, 2020 WL 1511315 (E.D. Tex. Mar. 30, 2020), *aff'd*, No. 20-40645, 2021 WL 3619905 (5th Cir. Aug. 13, 2021) (denying plaintiff's motion for summary judgment on a new claim that was not asserted in plaintiff's complaint). Therefore, any claim for declaratory relief is not before this Court, as Plaintiff's live Petition contains no request or claims for declaratory relief.

The Court also notes that in between the filing of Plaintiffs' Motion for Summary Judgment and the filing of this Order, Plaintiffs' counsel filed a Motion to Withdraw, which this Court

granted. (Doc. Nos. 26, 27, 28). This Court cautions Plaintiffs that Jill Schroeder may proceed *pro se* in this matter, but Permit Consultants, LLC, as a limited liability company, must obtain new counsel licensed to practice before this Court. *See, e.g., Rowland v. California Men's Colony*, 506 U.S. 194, 201–02 (1993) ("[T]he lower courts have uniformly held that 28 U.S.C. § 1654 . . . does not allow corporations, partnerships, or associations to appear in federal court otherwise than by licensed counsel."). An LLC must be represented by an attorney, and cannot be represented by an individual, even if that individual is an executive officer or managing member.

For the foregoing reasons, Plaintiffs' Partial Motion for Summary Judgment for Declaratory Judgment (Doc. No. 16) is **DENIED**.

It is so ordered.

Signed on this the 23rd day of March, 2026.

Andrew S. Hanen
United States District Judge

3