United States District Court
Southern District of Texas
**ENTERED**
August 14, 2026
Nathan Ochsner, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| JILL SCHROEDER AND TEXAS PERMIT CONSULTANTS, LLC, | § | |
| | § | |
| *Plaintiffs*, | § | |
| VS. | § | CIVIL ACTION NO. 4:24-cv-4566 |
| | § | |
| AMERICAN MODERN PROPERTY AND CASUALTY INSURANCE COMPANY, | § | |
| | § | |
| *Defendant*. | § | |

## ORDER

Pending before this Court is Defendant American Modern Property and Casualty Insurance Company's ("American Modern") Amended Motion for Summary Judgment (Doc. No. 33). Plaintiffs Jill Schroeder and Texas Permit Consultants, LLC did not respond. While this Court would ordinarily interpret the lack of response "as a representation of no opposition" and "an indication that the opposing party agrees to the motion and the relief requested," *see* Local Rule 7(D), the Court nevertheless addresses the merits of the Motion for Summary Judgment. After close consideration of the pleadings, relevant legal standards, and admissible summary judgment evidence, the Court **GRANTS** American Modern's Motion for Summary Judgment (Doc. No. 33) and dismisses this case with prejudice.

### I. Background

This is an insurance coverage dispute arising from American Modern's denial of coverage for claims related to an alleged boat-on-boat collision. On or about October 14, 2023, Plaintiff Jill Schroeder was operating her 2016 Correct Craft Super Air Nautique G23 ski boat on Lake Conroe when her boat collided with a Mako Center Console fishing boat operated by Ralph Vicente. (Doc. No. 1-3 at 3). The accident caused significant damage to both vessels and allegedly led to bodily

injuries sustained by Vicente. (*Id.*). Schroeder was arrested by the Montgomery County Constable and charged with Boating While Intoxicated under Texas Penal Code §§ 49.06 and 49.09(a). (*Id.*). The charges were ultimately dismissed according to Plaintiffs' Original Petition. (*Id.*).

Shortly after the incident, Schroeder filed a claim with American Modern in relation to the accident under Policy No. 103-655-426 (the "Insurance Policy"). On or about November 14, 2023, American Modern issued Schroeder a Reservation of Rights letter stating that it was investigating the claim in relation to policy exclusion provisions. (Doc. No. 1-3 at 58–59). The policy includes a general policy exclusion for "Dishonest or Illegal Acts," reading as follows:

> **Section II: General Policy Exclusions**
>
> **B. Dishonest or Illegal Acts**
>
> **We** do not cover any loss, damage, injury, or expense that occurs while any **insured person** is engaged in any dishonest or illegal act, regardless of whether such person is convicted of such act by a criminal court.

(Doc. No. 1-3 at 29) (emphasis in original). On May 2, 2024, American Modern formally denied the claim based upon the policy exclusion for "dishonest or illegal acts." (Doc. No. 1-3 at 65).

Plaintiffs then brought their Original Petition in the 269th District Court of Harris County, Texas alleging that American Modern unlawfully denied them insurance coverage for their boat and any bodily injury and property damage to the other boat and passengers. (Doc. No. 1-3 at 3–4). American Modern removed the case, and this Court subsequently denied Plaintiffs' Motion to Remand. (Doc. No. 12). Plaintiffs later sought leave to amend their pleadings, which this Court denied. (Doc. No. 29). Around that time, this Court also granted Plaintiffs' counsel's Motion to Withdraw as Counsel of Record for Plaintiffs. (Doc. No. 28).

As a result, the live pleading in this case is Plaintiff's Original Petition, which asserts four claims against American Modern: (1) breach of contract; (2) violation of the Texas Insurance Code Chapters 541 and 542; (3) bad faith denial of coverage under Texas law; and (4) violation of the

Deceptive Trade Practices Act. (Doc. No. 1-3 at 5–8). American Modern filed its Amended Motion for Summary Judgment seeking summary judgment and dismissal of all of Plaintiffs' claims. (Doc. No. 33). Plaintiffs did not respond, and the Motion is now ripe for resolution.

## II. Legal Standard

Summary judgment is warranted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "The movant bears the burden of identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact." *Triple Tee Golf, Inc. v. Nike, Inc.*, 485 F.3d 253, 261 (5th Cir. 2007) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–25 (1986)). Once a movant submits a properly supported motion, the burden shifts to the non-movant to show that the court should not grant the motion. *Celotex*, 477 U.S. at 321–25. The non-movant then must provide specific facts showing that there is a genuine dispute. *Id.* at 324; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). It is the responsibility of the parties to specifically point the Court to the pertinent evidence, and its location, in the record that the party thinks are relevant. *Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003). It is not the duty of the Court to search the record for evidence that might establish an issue of material fact. *Id.*

A dispute about a material fact is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The court must draw all reasonable inferences in the light most favorable to the nonmoving party in deciding a summary judgment motion. *Id.* at 255. The key question on summary judgment is whether there is evidence raising an issue of material fact upon which a hypothetical, reasonable factfinder could find in favor of the nonmoving party. *Id.* at 248.

## III. Analysis

### A. Breach of Contract

Plaintiff asserts a claim for breach of contract alleging that American Modern breached the Insurance Policy by refusing to provide coverage. (Doc. No. 1-3 at 5). Under Texas law, "[t]he essential elements of a breach of contract action are: (1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach." *Smith Intern., Inc. v. Egle Grp., LLC*, 490 F.3d 380, 387 (5th Cir. 2007) (quoting *Valero Mktg. & Supply Co. v. Kalama Int'l, L.L.C.*, 51 S.W.3d 345, 351 (Tex. App.—Houston [1st Dist.] 2001, no pet.)). American Modern argues that there is no evidence that supports the third or fourth elements of Plaintiffs' breach of contract claim, that American Modern breached the Insurance Policy when it denied Plaintiffs' claim based upon the policy exclusion for "dishonest or illegal acts," or that any such alleged breach was the cause of Plaintiffs' alleged damages. (Doc. No. 33 at 9). American Modern carried its burden on summary judgment by "identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact." *Triple Tee Golf*, 485 F.3d at 261. Thus, the burden shifts to Plaintiffs to demonstrate specific facts showing that there is a genuine dispute of material fact on those elements. *Celotex*, 477 U.S. at 321–25. Plaintiff failed to do so. Accordingly, the Court dismisses the breach of contract claim with prejudice.

### B. Violation of the Texas Insurance Code Chapters 541 and 542

Next, Plaintiffs allege that American Modern violated Chapters 541 and 542 of the Texas Insurance Code by failing to promptly settle Plaintiffs' claim, even though liability and coverage were "reasonably clear under the terms of the policy." (Doc. No. 1-3 at 6). To bring a private action under Chapter 541, Plaintiffs must show that: (1) both they and American Modern are "persons"

as defined by Texas Insurance Code Section 541.002(2); (2) American Modern engaged in an act or practice that violated Texas Insurance Code Chapter 541, Subchapter B; and (3) American Modern's act or practice was a producing cause of actual damages to Plaintiffs. *See Dortch v. Boxer Prop. Mgmt. Corp.*, No. 01-17-00148-CV, 2018 WL 3431733, at *6 (Tex. App.—Houston [1st Dist.] July 17, 2018, no pet.). American Modern argues that there is no evidence of the second element or the third element. Specifically, American Modern claims there is no evidence that it engaged in an act or practice that violated Chapter 541 of the Texas Insurance Code, any provision of §17.46 of the DTPA, or any tie-in provision of the Texas Insurance Code when it evaluated and ultimately denied Plaintiffs' claim under the Insurance Policy. Plaintiffs have not provided any evidence to create a genuine dispute of material fact regarding whether American Modern did engage in an act or practice that violated Texas Insurance Code Chapter 541, Subchapter B. Accordingly, American Modern's Motion for Summary Judgment is granted as to Plaintiffs' Chapter 541 claim, and that claim is dismissed with prejudice.

Plaintiffs also bring a claim under Chapter 542 of the Texas Insurance Code, alleging that American Modern delayed payment of Plaintiff's first-party property damage claim despite "clear documentation supporting the claim." (Doc. No. 1-3 at 6). Texas Insurance Code Chapter 542—also referred to as the Texas Prompt Payment of Claims Act ("TPPCA")—"sets out guidelines facilitating the timely payment of insurance claims." *Alcala v. Republic Lloyds*, No. 13-18-00026-CV, 2020 WL 830840, at *3 (Tex. App.—Corpus Christi Feb. 20, 2020, no pet.) (citing *Barbara Techs. Corp. v. State Farm Lloyds*, 589 S.W.3d 806, 813 (Tex. 2019)). To prove a claim under Chapter 542 the plaintiff must prove: (1) the insurer's liability under the insurance policy, and (2) that the insured has failed to comply with one or more sections of the TPPCA in processing or paying the claim. *Id.* American Modern argues there is no evidence that it is liable under the

Insurance Policy for Plaintiffs' claim that is the basis of this litigation, nor is there evidence that American Modern failed to comply with one or more sections of the TPPCA. Again, Plaintiffs have not directed the Court to any evidence that would generate a dispute of material fact that American Modern is liable under the policy or that it failed to comply with any portion of the TPPCA. As a result, American Modern's Motion is granted, and Plaintiffs' Chapter 542 claim is dismissed with prejudice.

### C. Bad Faith Under Texas Law

Next, Plaintiffs allege American Modern's denial of coverage constitutes bad faith under Texas law because insurers owe their policyholders a duty of good faith and fair dealing. (Doc. No. 1-3 at 7). To prove that American Modern breached the duty of good faith and fair dealing the Plaintiffs must prove that the insurer had no reasonable basis for denying or delaying the payment of a claim, and the insurer knew or should have known that fact. *Universe Life Ins. Co. v. Giles*, 950 S.W.2d 48, 50–51 (Tex. 1997). A bona fide coverage dispute, standing alone, does not demonstrate bad faith. *State Farm Fire & Cas. Co. v. Simmons*, 963 S.W.2d 42, 44 (Tex. 1998). As long as the insurer has a reasonable basis for the denial or delay in payment of the claim, even if the claim is ultimately determined by the factfinder to be erroneous, the insurer is not liable for bad faith. *Lyons v. Millers Cas. Ins. Co. of Tex.*, 866 S.W.2d 597, 600 (Tex. 1993). American Modern argues that Plaintiffs have no evidence that American Modern acted in bad faith in denying Plaintiffs' claim under the Insurance Policy. Plaintiffs fail to provide any evidence that would create a genuine dispute of material fact regarding whether American Modern acted in bad faith when it denied Plaintiffs claim due to the policy exclusion for "dishonest or illegal acts." As a result, American Modern's Motion is granted, and Plaintiffs' bad faith claim is dismissed with prejudice.

**D. Violation of the Deceptive Trade Practices Act ("DTPA")**

Finally, Plaintiffs alleged that American Modern engaged in false, misleading, or deceptive acts or practices in violation of the DTPA. (Doc. No. 103 at 8). To establish a cause of action under the DTPA, a plaintiff must demonstrate three elements: (1) the plaintiff is a consumer; (2) the defendant engaged in false, misleading, or deceptive acts; and (3) the acts were a producing cause of the consumer's damages. *Doe v. Boys Club of Greater Dallas, Inc.*, 907 S.W.2d 472, 478 (Tex. 1995). American Modern argues that there is no evidence to support any of the elements of Plaintiffs' DTPA claim. Specifically, there is no evidence to support any allegedly deceptive act or practice. Plaintiffs have failed to meet their summary-judgment burden and point to evidence in the record that establishes a genuine dispute of material fact as to any element of their DTPA claim. As a result, American Modern's Motion is granted, and Plaintiffs' DTPA claim is dismissed with prejudice.

**IV. Conclusion**

For the reasons set out above, this Court **GRANTS** American Modern's Amended Motion for Summary Judgment (Doc. No. 33). The Court dismisses this civil action with prejudice and will enter a separate judgment compliant with Federal Rule of Civil Procedure 58(a).

It is so ordered.

Signed on this the 14th day of August, 2026.

Andrew S. Hanen
United States District Judge